# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Case No. 26-1808

In re ROBERT EMERT, Petitioner

(D.C. Case No. 3:25-cv-00820-TWR-BLM, S.D. Cal.)

---

## PETITIONER'S LETTER TO THE COURT
## PURSUANT TO FRAP 25(a)

*Filed Upon Submission of Complete Mandamus Petition and Exhibits*

---

**Filed Pursuant To:** Federal Rule of Appellate Procedure 25(a) (Filing and Service); Ninth Circuit Advisory Note (encouraging parties to communicate developments to the Court by letter to the Clerk identifying the case and the nature of the matter)

**Submitted by:** Robert Emert, Petitioner Pro Se

**Date:** March 30, 2026

**Address:** 2351 Vista Lago Terrace, Escondido, CA 92029

**Phone:** (760) 612-9328

**Email:** robemert@msn.com

**Served on:** Deputy Attorney General Kristen Chenelia (Kristen.Chenelia@doj.ca.gov) and Supervising DAG Christopher Beesley (christopher.beesley@doj.ca.gov) by email simultaneously with filing.

**Related Proceedings:**

District Court: Case No. 3:25-cv-00820-TWR-BLM (S.D. Cal., Judge Robinson / Mag. Judge Major)

SCOTUS Welched Plea: No. 25-6794 (Emert v. San Diego Probation Department)

9th Circuit § 1983 Appeal: Case No. 25-3694

### IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Case No. 26-1808

In re ROBERT EMERT, Petitioner

(D.C. Case No. 3:25-cv-00820-TWR-BLM)

## PETITIONER'S LETTER TO THE COURT PURSUANT TO FRAP 25(a)

*Filed Upon Submission of Complete Mandamus Petition and Exhibits*

To the Honorable Court:

Petitioner Robert Emert respectfully submits this letter pursuant to FRAP 25(a) upon filing the complete Emergency Petition for Writ of Mandamus (966 Bates-numbered pages) in Case No. 26-1808. Petitioner thanks this Court for opening this case.

**This Court's job here is simple.**

Three directives. The law and this Court's own prior decisions already compel all three.

**One: Direct the district court to docket the traverse.** The R&R states Petitioner never filed a traverse. This Court already has in its own record — as ECF Document 37-1, page 22, filed March 25, 2026 — a photograph of the district court's own "RECEIVED JAN 16 2026" stamp on that traverse. A second traverse was filed February 20, 2026 at 6:51 PM — within 51 minutes of Petitioner receiving the deadline order on the deadline day itself, after the court mailed the order four days late. Neither was ever docketed. The court's own stamp disproves its own finding. Direct the district court to docket both traverses nunc pro tunc and conduct de novo review on the complete record.

**Two: Direct the district court to require the prosecution file — or a sworn explanation of why it cannot be located.** The California Attorney General certified the state court record "complete." The San Diego District Attorney certified on March 3, 2026 — the same day this petition was filed — that it cannot locate the prosecution file. Those two certifications cannot both be true. The district court applied *Cullen v. Pinholster*, 563 U.S. 170 (2011), to bar Brady evidence from federal review without first performing the threshold merits-adjudication analysis required by *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc). No California court ever examined Petitioner's Brady claims on the merits because the prosecution concealed the evidence from every state

proceeding. *Banks v. Dretke*, 540 U.S. 668, 696 (2004), has already decided that "a rule declaring 'prosecutor may hide, defendant must seek' is not tenable in a system constitutionally bound to accord defendants due process." Direct the district court to perform the *Dickens* threshold analysis before applying *Pinholster* and require the Attorney General to produce the prosecution file or provide a sworn declaration explaining its unavailability.

**Three: Direct the district court to adjudicate Petitioner's ADA accommodation requests.** Petitioner filed ADA/Section 504 accommodation requests on January 16, 2026 with Traverse No. 1 and again on February 20, 2026 with Traverse No. 2. Neither was ever ruled upon — not granted, not denied, not acknowledged. No interactive process was conducted. No written ruling issued. The requests sought electronic filing access — the same access the Attorney General exercises as a matter of course through the identical email address. Both requests were served on the AG, the AG Supervisor, and two FBI agents simultaneously with filing. Every recipient of this letter has had a copy since the day each request was transmitted. A court cannot simultaneously refuse to adjudicate an accommodation request for digital filing access and then invoke the resulting access barriers as justification for treating Petitioner's filings as non-existent. *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004); *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). This directive requires no legal analysis of the merits. It requires only that the district court do what it was obligated to do when the requests were filed: rule on them.

The 966-page petition filed herewith documents all of this in full. But this Court does not need to read all of it to grant these three directives. The proof for directive one is already on page 22 of ECF 37-1 in this Court's own docket. The proof for directive two is the DA's own March 3, 2026 certification letter. The proof for directive three is the absence of any ruling in the district court docket on requests that every party in this case has possessed since January 16, 2026.

**What the record shows — in brief.**

Every independent institution that examined this case reached the same conclusion — and the prosecution suppressed every one of those conclusions.

The DA's own investigator, DAI Peña, reviewed fourteen months of Petitioner's documented PC § 278.7 compliance correspondence — correspondence Petitioner sent directly to the DA's office including his exact address, phone number, his son's autism diagnosis, and medical records. Peña concluded on tape, more than fifty times, that Petitioner would "probably win at

trial," had "good cause for sure," and that the DA's office should never have been involved. Then Peña said on that same recording: "I'm not gonna give them this recording" — and did not. That recording was suppressed from defense counsel. The alleged victim told the prosecutor directly that his father "did nothing wrong." The FBI conducted a threat assessment and cleared Petitioner completely. A child welfare agency found no abuse or neglect. These are not Petitioner's characterizations. They are the documented conclusions of the prosecution's own investigator, the alleged victim, the FBI, and a child welfare agency — all pointing the same direction, all suppressed.

None of this evidence has ever been examined by any court on the merits. That is the constitutional violation *Dickens v. Ryan* was written to prevent and *Banks v. Dretke* was written to prohibit. The 47 timestamped admissions are at Exhibit I (Bates 000837). The prosecution's own recordings negating malice are at Exhibit G (Bates 000149). The court-stamped traverse is at Exhibit N (Bates 000888). The DA's March 3 certification that the prosecution file cannot be located is at Exhibit O (Bates 000953).

**This petition predicted what happened.**

This petition was filed March 3, 2026 — thirteen days before the R&R issued on March 16. The harm the petition was filed to prevent has now materialized exactly as documented. The R&R confirmed the petition rather than mooted it. On the same day the R&R was signed, a district court clerk confirmed on tape that she did not know why 13 of Petitioner's filings remained undocketed after 61 days. The R&R is the direct product of the record those 61 days manufactured.

The record is complete. The controlling law is settled. The proof for all three directives is already in this Court's docket or in documents every party has possessed for months. This Court need only direct the district court to do three things it should already have done: docket what was filed, adjudicate the accommodation requests that were filed with it, and require the prosecution to account for what it certified complete but cannot locate.

Petitioner respectfully requests the three directives above and any additional relief this Court deems appropriate.

Respectfully submitted,

/s/ Robert Emert

Robert Emert, Petitioner Pro Se

2351 Vista Lago Terrace, Escondido, CA 92029

(760) 612-9328 | robemert@msn.com

Dated: March 30, 2026

---

**CERTIFICATE OF SERVICE**

I certify that on March 30, 2026, this letter was filed with the Ninth Circuit in Case No. 26-1808 and served on Respondent's counsel by email transmission to:

Kristen K. Chenelia, Deputy Attorney General:
Kristen.Chenelia@doj.ca.gov

Christopher Beesley, Supervising DAG: christopher.beesley@doj.ca.gov

A courtesy copy was simultaneously transmitted to the district court at efile_robinson@casd.uscourts.gov and efile_major@casd.uscourts.gov.

/s/ Robert Emert

Robert Emert, Petitioner Pro Se